IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HECTOR MANUEL LOPEZ, | ) | |
| ID # 31373-177, | ) | |
| Movant, | ) | No. 3:06-CV-2342-N (BH) |
| vs. | ) | No. 3:04-CR-0043-N (01) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

**B. Procedural History**

On June 8, 2004, movant was charged in four counts of a five-count superseding indictment with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. The indictment included two forfeiture counts.

On August 31, 2004, movant pled guilty to the drug conspiracy (Count 1). He signed a plea agreement which provided among other things that (1) the charged offense carried a statutory

maximum sentence of life imprisonment; (2) the Court would impose his sentence pursuant to the United States Sentencing Guidelines, and that he understood that "no one can predict with certainty what guideline range will apply in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation"; (3) he had "thoroughly reviewed all legal and factual aspects of this case with his attorney" and received meaningful and satisfactory explanations from his attorney "concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and alternatives available to him other than entering into this agreement"; (4) the plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement"; (5) no one had guaranteed or promised "what sentence the Court will impose"; and (6) the plea agreement constituted the entire agreement between the parties could "not be modified unless the modification is in writing and signed by all parties."

In the plea agreement, movant also waived his right to appeal his conviction and sentence as well as his right to contest his conviction and sentence in any collateral proceeding. He specifically reserved, however, the rights to appeal (a) a sentence exceeding the statutory maximum punishment, (b) an upward departure from the guideline range deemed applicable by the district court, or (c) an arithmetic error at sentencing, and to bring a claim of ineffective assistance of counsel.

On the date of his plea, the Court examined the twenty-seven-year-old movant as to its voluntariness through a Spanish interpreter. (*See generally* Tr. Rearraignment Proceedings.) At the outset, the Court informed him that the District Judge determined the punishment for federal offenses, and that movant "should never depend or rely upon any statements or promises by anyone, whether connected with a law enforcement agency, the Government or anyone else as to what the

2

penalty will be assessed." (*Id.* at 5.) Because movant and his attorney had discussed how the sentencing guidelines would apply to his case, the Court explained that such discussion did not bind the Court as to the sentence to be imposed, and that the imposed sentence "might disregard stipulated facts, or take into account facts not mentioned in those stipulations." (*Id.* at 5-6.) The Court further explained that the District Judge would be unable to determine the proper guideline sentence until after the completion of a Presentence Report (PSR) and review of any objections to the PSR. (*Id.* at 6-7.) Movant affirmatively stated that he understood these explanations and the charge alleged against him in Count 1. (*Id.* at 7, 9.) Following a summary of the essential elements of Count 1, he stated that he understood them and admitted to committing each one. (*Id.* at 11.)

Movant stated that he freely and voluntarily entered into the plea agreement with the government, and that the plea agreement contains all terms of the agreement. (*Id.* at 12.) He stated that no one had forced him to plead guilty or made any promise or assurance outside the written plea agreement in an effort to persuade him to plead guilty. (*Id.* at 12-13.) The Court summarized portions of the plea agreement, including the potential punishment faced by movant, deportation consequences, application of the sentencing guidelines, and waiver of appeal, but it emphasized that the written plea agreement governed over the summary given at the rearraignment hearing. (*Id.* at 13-16.) Movant stated he understood (1) the maximum punishment for the charged offense in Count 1 was life imprisonment and the maximum fine that could be imposed; (2) he was waiving his right to appeal except in the limited circumstances set out in the plea agreement; and (3) he would be bound by his plea and have no right to withdraw it even if the imposed sentence was more severe than expected. (*Id.* at 13-14, 16-17.)

Following the foregoing inquiries, movant affirmatively pled guilty to Count 1 and admitted

facts sufficient to support each element of the offense. (*See id.* at 17-20.) He admitted that the conspiracy involved the distribution of more than five kilograms of cocaine, but he did not anticipate or foresee that the conspiracy would involve fifty kilograms or more of cocaine. (*Id.* at 18-20.) On September 2, 2004, the Court accepted movant's guilty plea. (*See* Order Accepting Report & Recommendation at 1.)

On March 21, 2005, the Court conducted a sentencing hearing in which it heard testimony from a Special Agent for the Internal Revenue Service (IRS). (Sentencing Tr. at 15-61.) Movant did not testify at sentencing. (*Id.* at 76.) The government argued that movant's sentence should not be reduced for acceptance of responsibility because

> Mr. Lopez pled guilty the day of trial. He waited until the day of trial, and then he testified. And his testimony was inconsistent with acceptance of responsibility. He minimized his participation in the overall conspiracy and he denied his wife's participation in knowing that the money that she was laundering was drug proceeds and knowing that – that his activities were drugs.

(*Id.* at 66.) Movant's counsel made several arguments based upon *United States v. Booker*, 543 U.S. 220 (2005). (*See id.* at 4-5, 8, 10-12, 76.) The Court calculated a base offense level of thirty-six, added four levels for movant's leadership role in the offense and two levels for possession of a firearm, and deducted two levels for acceptance of responsibility. (*See id.* at 72-74.) The Court thereafter entered a written judgment upon movant's guilty plea and sentenced him to 300 months imprisonment. (*See* Judgment in Crim. Case.) In the written judgment, the Court specifically characterized the guidelines as advisory pursuant to *Booker*. (*Id.*) Movant appealed his sentence, but the appeal was ultimately dismissed based upon the waiver of appeal in the plea agreement.

In December 2006, movant filed the instant *pro se* motion to vacate wherein he claims that he involuntarily entered his guilty plea based upon ineffective assistance of counsel. He separately

claims that his attorneys[1] rendered ineffective assistance when they failed to withdraw his plea after the United States Supreme Court decided *Booker*. In its response to the motion to vacate, the government argues that movant's claims of ineffective assistance of counsel lack merit and provide no basis for relief in this action filed pursuant to 28 U.S.C. § 2255. Movant filed a traverse to the government's response.

## II. VOLUNTARINESS OF GUILTY PLEA

Movant claims that his guilty plea was rendered involuntary due to ineffective assistance of counsel. (Mem. at 6.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312

---

[1] Movant was represented by two retained attorneys during various aspects of the criminal proceedings against him and his appeal.

U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002).[2] "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal, does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with

---

[2] Since the December 2002 amendments, Fed. R. Crim. P. 11(b)(1) requires the federal courts to advise and question criminal defendants on various matters. *See* Fed. R. Crim. P. 11 (showing various amendments including amendments in 1999 and 2002); *United States v. Ruiz*, 536 U.S. 622, 631 (2002) (referring to Rule 11 as the "guilty-plea safeguards"); *Vonn*, 535 U.S. at 62 (recognizing the evolution of the rule over the past three decades).

6

the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

Nevertheless, "[t]he voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).

> When examining the totality of the circumstances, a reviewing court should "consider the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as the evidence proffered by the government."

*United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995) (citations omitted). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

In this case, movant challenges the voluntariness of his plea only on the basis of ineffective assistance of counsel. It is well established that a guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). To successfully

7

state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a [prisoner] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Even when an attorney erroneously estimates his client's potential sentence, the defendant must satisfy this requirement. *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have

been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

In this instance, movant claims that his attorneys rendered ineffective assistance when they (1) advised him to consummate a plea agreement that included a waiver which precluded an appeal of his sentence; (2) failed to accurately advise him of likely sentencing consequences; (3) failed to accurately and properly inform him of the "direct consequences" of the waiver provision and that the requirement of Fed. R. Crim. P. 11(b)(1) was not followed; and (4) advised him to consummate the plea agreement so as to avoid the financial consequences of trial. (Mot. at 5-8; Mem. at 6-16.)

Although movant concedes that he understood that his offense carried a statutory minimum sentence of ten years and maximum sentence of life, he believed his sentencing range would "lie in or around" 120 to 180 months based on a belief that he would be held accountable for less than fifty kilograms of cocaine. (*See* Mem. at 8.) He argues that counsel did not inform him of the "probability" that the Court would attribute more than fifty kilograms of cocaine to him or increase his offense level for his leadership role in the offense or for possession of a firearm. (*Id.* at 9.) According to movant, he was oblivious that his "perceived" ten-year sentence "could be constructively bloated into one of 30 years", and that "if he had **any** inkling that he could be facing 30 years or more by entry of the plea," he would have insisted on proceeding to trial because he "would have had nothing to lose." (*Id.*) He argues that the failures to correctly advise him of the likely sentencing consequences and the direct consequences of the waiver provision as well as the lack of compliance with Fed. R. Crim. P. 11(b)(1) prejudiced him and rendered his plea involuntary. (*Id.* at 10-11.) Movant also alleges that his retained attorneys told him that they might withdraw from representation if the case proceeded to trial and movant could not pay them for their services. (*Id.* at 14.) He also claims that counsel did not question an alleged contradiction between the waiver provision and the Court's

statement at rearraignment that the plea would not preclude a challenge to "arithmetic areas at sentencing." (*Id.* at 14-15.)

While movant conceded at rearraignment that counsel had discussed the application of the sentencing guidelines with him, (Rearraignment Tr. at 5-6), he provides scant detail about the discussion and makes only general and conclusory claims of erroneous or lack of information. Even assuming for purposes of the instant § 2255 action that movant's attorneys rendered deficient performance, movant has shown no reasonable probability that he would have insisted on proceeding to trial in the absence of the alleged deficiencies counsel. Movant was specifically advised that the count to which he was pleading guilty carried a maximum sentence of life imprisonment. Movant stated that he understood the available range of punishment and stipulated to facts sufficient to support the conviction. He specifically stated that no one made him any promises not contained within the plea agreement. Despite all of these specific admonitions from the Court, movant persisted with his guilty plea.

That movant "neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel." *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001). It further precludes him from arguing that he pled guilty based upon some unstated basis for believing that his likely sentence would be between ten and fifteen years. Given that movant knew that the Court was charged with sentencing him within the statutory range of punishment up to life imprisonment, that the plea agreement contained no promise of a sentence within a specific range of punishment, and that he swore in open court that there were no promises outside the plea agreement, he has not shown a reasonable probability that he would not have

pleaded guilty and would have insisted on going to trial but for the alleged deficiencies of counsel. *See United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). The alleged deficiencies of counsel do not invalidate movant's plea in this case.

Movant argues that he would have had nothing to lose by not pleading guilty in this case. Had movant proceeded to trial, however, he would likely have lost the two points deducted from his offense level for acceptance of responsibility, and his sentencing range would have increased to 360 months to life imprisonment under the guidelines. In that situation, the Court would have to go outside the calculated guideline range to impose a twenty-five year sentence (as it did after movant's plea). Movant's argument also ignores the sentence that he might have received if the government had not agreed to drop other pending charges and forego other potential charges, and if it had continued its investigation of him in anticipation of trial.

Not only has movant not shown that ineffective assistance of counsel rendered his plea involuntary, a review of the record as a whole in this case reflects that movant understood that he was waiving certain constitutional rights by pleading guilty. The waiver provision of the plea agreement explicitly and unambiguously waives his right to directly appeal or collaterally challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 except in limited circumstances. In addition, the transcript of the rearraignment proceedings clearly shows that movant was informed of such waiver. He indicated his desire to waive his appeal as limited by the plea agreement. When the Court admonished him in accordance with Rule 11, he specifically indicated no lack of understanding about the agreement. The totality of the circumstances shows that, at the time of the rearraignment proceedings and the entry of his plea, movant understood that he was waiving his appellate rights as set forth in the plea agreement. He entered such plea with sufficient knowledge

regarding the waiver of his appellate rights, including his right to present claims in a collateral attack pursuant to 28 U.S.C. § 2255.

Prisoners who challenge their guilty pleas on collateral review must overcome various presumptions related to court documents and prior testimony.

> [R]epresentations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Courts also presume the regularity of court documents and accord them "great weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). Movant has not overcome these presumptions.

For all of these reasons, the Court finds no basis to invalidate movant's guilty plea. His claims of ineffective assistance of counsel do not invalidate the plea and entitle him to no relief in this § 2255 action. The Court thus proceeds to movant's lone claim of ineffective assistance of counsel that is unrelated to the voluntariness of his plea.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL UNRELATED TO PLEA

In his last claim, movant contends that his attorneys rendered ineffective assistance when they failed to withdraw his guilty plea prior to sentencing after the Supreme Court decided *United*

12

*States v. Booker*, 543 U.S. 220 (2005) in January 2005. (Mot. at 9; Mem. at 16-18.)

To succeed on this claim of ineffective assistance of counsel, movant must satisfy the *Strickland* test by showing a deficiency of counsel and prejudice resulting from such deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The instant claim of ineffective assistance requires consideration of the conditions under which a defendant may withdraw his plea after the Court has accepted his plea but has not yet sentenced him. Once the Court accepts a guilty plea, the defendant may withdraw the plea prior to sentencing only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). Seven factors are relevant to this inquiry:

> whether (1) the defendant asserted his innocence, (2) withdrawal would cause the government to suffer prejudice, (3) the defendant delayed in filing the motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources.

*United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).

In this instance, movant has not asserted his innocence. Indeed, his testimony at his wife's trial conceded his guilt at least to some extent. Because the government would have had to try movant separately from his co-defendant wife had movant withdrawn his plea post-*Booker*, the second, fourth, and seventh factors cut against allowing such withdrawal. As already found herein, movant's plea was knowing and voluntary. The *Carr* factors provide no fair and just reason for requesting a withdrawal of movant's plea. Furthermore, because the Court sentenced movant after *Booker* and specifically recognized the advisory nature of the sentencing guidelines, movant received the full benefit of the decision. *Booker* of itself thus provides no fair and just reason for withdrawal

of movant's plea.

For these reasons, counsel had no legitimate basis to request withdrawal of movant's plea and did not render deficient representation by failing to do so. This claim of ineffective assistance of counsel provides no basis for relief in this action.

## IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 26th day of June, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                _____
                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE